IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT L. TAYLOR,

                Plaintiff,

v.                                      CIVIL ACTION NO. 5:09-cv-00576

CAPITAL ONE BANK (USA), N.A.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion to Remand, Motion for Sanctions for Improper Removal, and Motion for an Award of Attorney Fees and Costs [Docket 7]. The Motion, along with the accompanying Memorandum [Docket 8], argues that this Court does not have jurisdiction over this action because the amount in controversy is below the jurisdictional amount. Defendant Capital One Bank (USA), N.A. (Capital One) responded [Docket 9], contending that the stipulation on which Plaintiff depends is deficient and non-binding. Plaintiff Robert L. Taylor (Taylor) filed no reply. The time for reply having expired, the matter is now fully ripe for consideration and ruling.

*I. FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff's complaint concerns phone calls placed to Plaintiff by Capital One because he was "in arrears of his consumer indebtedness to the Defendant." (Docket 1-2 ¶ 5.) In particular, Plaintiff lists fifty-three separate phone calls made by Capital One to Taylor between December 5, 2008, and

January 13, 2009, but alludes to the fact that there may be more.[1]  Based on these phone calls, Taylor alleges causes of actions for violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), common law negligence, intentional infliction of emotional distress, and common law invasion of privacy.  Among other damages sought, Taylor demands "[s]tatutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106."  (Docket 1-2 ¶ b.)

Accompanying the original complaint are two statements indicating a desire to limit the amount of recovery to below the federal jurisdictional amount.  The complaint concludes with:

> **NOT WITHSTANDING THE DEMANDS MADE ABOVE, PLAINTIFF HEREIN SHALL NEITHER SEEK OR ACCEPT AN AMOUNT EQUAL TO OR GREATER THAN $74,999.00 IN THIS CASE, EXCLUDING INTEREST AND COSTS.  PLAINTIFF HAS FILED HEREWITH SUCH BINDING STIPULATION.**

(Docket 1-2, p. 11.)  The stipulation referenced therein states the following:

> Plaintiff herein hereby agrees to be bound by the following stipulation: Plaintiff herein shall neither seek or accept an amount equal to or greater than $74,999.00 in this case, excluding interests and costs.

(Docket 1-2, p. 23.)  The complaint is signed by Taylor's counsel, Ralph C. Young, and the stipulation is signed by Plaintiff, Robert L. Taylor, and notarized.

Taylor originally filed the present action on April 17, 2009 in the Circuit Court of Raleigh County, West Virginia, and Capital One was served, via the West Virginia Secretary of State, on April 21, 2009.  (Docket 1 ¶¶ 4, 5.)  One month later, Capital One removed the action pursuant to 28 U.S.C. § 1441, alleging diversity of citizenship under 28 U.S.C. § 1332 as the jurisdictional basis.

---

[1] The complaint further indicates that "Defendant placed ***more than 53 telephone calls*** to Plaintiff's residential telephone number after December 5, 2008."  (Docket 1-2 ¶ 41 (emphasis added).)

(Docket 1.) Shortly thereafter, Taylor filed this Motion, seeking remand of the case, along with sanctions and attorney's fees for improper removal. (Docket 7.) Capital One responded, arguing that the stipulations relied upon by Taylor were deficient and therefore not truly binding. (Docket 9.) Taylor filed no reply.

## II. LEGAL STANDARDS

Congress has granted the federal courts original jurisdiction over all actions where the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). If an action filed in state court could properly have been filed in federal court originally, a defendant may invoke the federal courts' original jurisdiction and remove the action. 28 U.S.C. § 1441(a).

Generally, the party asserting federal jurisdiction bears the burden of proof. *Sayre v. Potts*, 32 F. Supp. 2d 881, 883 (S.D. W. Va. 1999) (Goodwin, J.). "A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Cophenhaver, J.). To do this, the party must show that it is "more likely than not" that the amount in controversy satisfies the jurisdictional standard. *Id*.

In evaluating a party's claim to federal jurisdiction, this Court may consider the entire record that exists at the time the assertion of jurisdiction is made. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (Faber, J.) (citing 14A Charles Alan Wright, et al., *Federal Practice and Procedure* § 3725 at 423-24 (1985)).

Stipulations may be used by the plaintiff to limit the amount in controversy for the purpose of defeating federal jurisdiction. To defeat otherwise present subject matter jurisdiction of the federal courts, a stipulation must be "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery. The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (S.D. W. Va. 2001) (Haden, C.J.).[2] The requirement of a "formal" stipulation is satisfied when the stipulation is signed and notarized. *Hamilton, Burgess, Young & Pollard, PLLC v. Markel American Ins. Co.*, 2006 WL 218200 at *2 (S.D. W. Va. Jan. 25, 2006).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). All doubts regarding the jurisdiction of this Court to hear a case will be resolved in favor of remand. *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633 (S.D. W. Va. 2009).

### III. ANALYSIS

*A. The Stipulation*

A quick review of the stipulation filed by Plaintiffs is enough to satisfy this Court that it is deficient. Although the stipulation is signed by Taylor, it is not signed by Taylor's attorney, Mr. Young. (Docket 1, exh. A p. 23.) Further, although the case was originally filed on April 17, 2009,

---

[2] This requirement differs from the Local Rules for the Southern District of West Virginia. Rule 11.2 provides, "Unless otherwise ordered, stipulations . . . must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk." However, this Court has held that "when a plaintiff files a unilateral stipulation with the intent to defeat federal jurisdiction," the Court may require a more stringent stipulation, such as that required by Judge Haden and adopted by this Court. *Adkins v. Wells Fargo Financial West Virginia, Inc.*, 2009 WL 1659922 *3 (S.D. W. Va. June 15, 2009).

the stipulation was filed one week later on April 24, 2009, and after service of the complaint on defendants. (Docket 1, exh. A p. 2.) Hence, the stipulation fails in two respects to satisfy the elements of a binding stipulation - by not being filed on time, and by not containing the signature of Taylor's counsel.

Plaintiff also relies on a stipulation included within the complaint itself, also indicating that he will not seek damages in excess of $74,999.00. That stipulation is likewise infirm, as it is not signed by Taylor or notarized.[3] Plaintiff's counsel provides the Court with no explanation for his failure to sign the stipulation, nor does he offer any argument as to why the stipulations are adequate in their present form.

Because neither of these self-titled stipulations is in formal and binding form, the stipulation does not preclude federal jurisdiction.

B. *The Amount in Controversy*

As stated above, the party asserting the Court's jurisdiction bears the burden of proving by a preponderance of evidence that the suit satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

Capital One identifies itself as a citizen of Virginia, while Taylor is identified as a citizen of West Virginia. Notably, Taylor does not contest that diversity of citizenship exists. Taking the

---

[3] Plaintiff may well argue that, between the two stipulation attempts, all the requirements of this Court are satisfied. However, this Court is unwilling to allow plaintiffs to avoid otherwise appropriate federal jurisdiction by aggregating elements from several different stipulation attempts. To do so would undermine the requirement that a party file a "a formal, truly binding, pre-removal stipulation," and would risk leaving defendants susceptible to higher damages figures without the corresponding recourse to federal courts. *McCoy*, 147 F. Supp. 2d at 485.

facts pled and agreed to by both parties, this Court finds no reason to question the citizenship of either Capital One or Taylor.

Next, the Court must consider whether the Defendant has shown that the amount in controversy satisfied the $75,000 requirement. Taylor seeks damages for violations of, among others, W. Va. Code §§ 46A-2-125, 46A-2-127, and 46A-2-128. Damages for each of these statutory provisions provides that "the consumer has a cause of action to recover actual damages and in addition a right in an action to recover . . . a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars." W. Va. Code § 46A-5-101(1). Adjusting for inflation as allowed for by W. Va. Code § 46A-5-106, the permissible damages for each violation are between $421.42 and $4214.23.[4]

In his complaint, Taylor alleges fifty-three specific instances of phone calls made by Capital One to Defendant. (Docket 1-2 ¶¶ 9-39.) The complaint also indicates that the total number of calls may well be more than this number. (*See, e.g.*, Docket 1-2 ¶ 9 ("at least 1 telephone call"); ¶ 41 ("Defendant placed more than 53 telephone calls"), ¶ 54 (alleging that Defendant placed "more than 80 telephone calls to Plaintiff's home telephone number in violation of the WVCCPA").) Further, Taylor requests "[s]tatutory damages in the maximum amount authorized by" the West Virginia Code. (Docket 1-2 ¶ b.) If Plaintiff can prove fifty-three violations, and as he is seeking the maximum statutory amount, his statutory damages alone would total more than $223,000.00, well over the jurisdictional amount.

---

[4] This calculation was made using the Consumer Price Index values for September 1974 and April 2009, as the latter date indicates when Taylor first filed suit. Capital One's calculation (Docket 1 ¶ 18) utilizes March 2009 as the latter date, and arrives at a value for the maximum penalty of $4,203.74. The difference in calculation is negligible, as Taylor's complaint easily satisfies the amount in controversy under either valuation method.

Defendant need not rely on a maximum reward on fifty-three violations to satisfy the amount in controversy. Taylor seeks attorney's fees, which is permissible under W. Va. Code § 46A-5-104. Where, as here, attorney's fees are specifically provided for by statute, they may be included in calculating the amount in controversy. *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

Additionally, Taylor requests this Court to grant punitive damages for the claims in Counts III and IV, which may also be used to help calculate the amount in controversy. *Hutchens v. Progressives Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 790-91 (S.D. W. Va. 2002) (Haden, C.J.) ("A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy."). Count III, which alleges intentional infliction of emotional distress, and Count IV, charging common law invasion of privacy, both rely on the WVCCPA and the previously described telephone calls as a basis for these claims. Even assuming minimal damages recovery on each of the WVCCPA violations, the punitive damages would still only need to be ordered in an amount of 2.5 times the statutory violations to reach the amount in controversy.

Although both the attorney's fees and punitive damages provide additional grounds to safely conclude that the amount in controversy requirement is satisfied, they are not necessary. The simple fact that Taylor seeks maximum statutory damages on at least 53 phone calls is adequate to invoke the jurisdiction of this court.

*C. Motions for Sanctions and Attorney Fees*

Because removal was appropriate in this case, this Court need not address the merits of Plaintiff's Motion for Sanctions for Improper Removal or Motion for an Award of Attorney Fees and Costs. As this Court has jurisdiction, there did exist an objectively reasonable basis for removal. Neither sanctions nor attorney's fees shall be awarded.

## IV.  CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's Motion to Remand, Motion for Sanctions for Improper Removal and Motion for an Award of Attorney Fees and Costs [Docket 7] is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    February 4, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE