**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROBERT L. TAYLOR,

                    Plaintiff,

v.                                              CIVIL ACTION NO.  5:09-cv-00576

CAPITAL ONE BANK (USA), N.A.,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

After removing this case to federal court on May 21, 2001, Defendant Capital One Bank (USA), N.A. (Capital One) filed a Motion to Compel Arbitration and to Dismiss This Proceeding or, in the Alternative, to Stay this Proceeding Pending Arbitration [Docket 4] and supporting memorandum [Docket 5] on May 28, 2009.  Plaintiff Robert L. Taylor (Taylor) did not respond to the Motion.[1]  The time for responding how having elapsed, the motion is now ripe for the Court's consideration.

*I.  FACTS*[2]

Taylor applied for and opened a credit card account with Capital One in May 2007.  (Docket 4 ¶ 1.)  The card and account came with a Customer Agreement that provided the terms of the credit card account.  This Customer Agreement also directed Taylor to an arbitration agreement, which

---

[1] Plaintiff did file a Motion to Remand (Docket 7), which the Court has previously ruled upon.  *See* Dkt. 23 (Feb. 4, 2010) (finding that the Court has jurisdiction over the case).

[2] Facts in this section are taken from Defendant's Motion to Compel Arbitration and Plaintiff's original complaint.

was incorporated by reference into the contract.[3]  (Docket 4 ¶¶ 3, 4.)  On separate paper, a two page

Arbitration Agreement informed Taylor that "[y]ou and we agree that either you or we may, at either

party's sole election, require any Claim (as defined below) be resolved by binding arbitration."

(Docket 4 ¶ 5.)  The definition of "Claim" provided by the Arbitration Agreement is very broad,

covering everything from contractual interpretation and claims to "disclosures, advertisements,

promotions or other communications."  (Docket 4 ¶ 6; Spellman Aff. ¶ 7.)  It further included "any

billing or collection matters relating to your account," and "any other matters relating to your

account or your relationship with us."  (Docket 4 ¶ 6; Docket 4-1 at 8.)

Taylor's complaint alleges various violations of the West Virginia Consumer Credit

Protection Act (WVCCPA), along with common law causes of action for negligence, intentional

infliction of emotional distress, and invasion of privacy.  (Docket 1-1.)  Each of the causes of action

is based on a series of telephone calls placed by Capital One to Taylor between December 2008 and

January 2009.

## II.  APPLICABLE LAW

The Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, provides federal courts with the power

to compel arbitration in cases where, save for the applicability of an arbitration clause, the case

would fall within the court's federal subject matter jurisdiction.  In particular, it provides:

> If any suit or proceeding be brought in any of the courts of the United States upon
> any issue referable to arbitration under an agreement in writing for such arbitration,
> the court in which such suit is pending, upon being satisfied that the issue involved

---

[3] The Customer Agreement incorporated the Arbitration Agreement at the bottom of the
second page of the Agreement, and read as follows: "PLEASE SEE ENCLOSED 'ARBITRATION
PROVISION.'   PLEASE NOTE THAT THE TERMS INCLUDED IN THE ARBITRATION
PROVISION ARE PART OF YOUR CUSTOMER AGREEMENT." (Docket 4 ¶ 3; Docket 4-1 at
2.)

> in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Further, if one party refuses to arbitrate under a written agreement, the other may move for an order compelling the other party to submit to arbitration.  9 U.S.C. § 4.  To succeed on a motion to compel arbitration, the moving party must show two things: first, that an agreement was made, and second, that the agreement to arbitrate was breached.  *Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp.*, 656 F.2d 933, 939 (4th Cir. 1981) (en banc).

When confronted with a motion to compel arbitration, the district court must first "engage in a limited review to ensure that the dispute is arbitrable—i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement."  *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997) (citations and quotation marks omitted).  Because federal policy generally favors arbitration, ambiguities with respect to the scope of the arbitration clause must be resolved in favor of arbitration.  *Kepler Processing Co. v. New Market Land Co.*, 2008 WL 4509377 at *3 (S.D. W. Va. Oct. 2, 2008); *Cara's Notions, Inc. v. Hallmark Cards, Inc.*, 140 F.3d 566, 569 (4th Cir. 1998) (citing *Volt Info. Scis., Inc. V. Bd. Of Trs. Of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989)).

To determine if an arbitration clause is valid, courts look to the contract formation law of the forum state.  *Cara's Notions*, 140 F.3d at 569.  Once the arbitration clause is deemed valid, the breadth and scope of the clause are governed by "federal substantive law of arbitrability."  *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GmbH*, 206 F.3d 411, 417 n.4 (4th Cir. 2000).  After the court decides that a particular dispute is covered by an arbitration clause, the court may not proceed to consider the merits of the case and must immediately send the case to arbitration.

3

*Adkins v. Labor Ready, Inc.*, 195 F. Supp. 2d 628, 634 (S.D. W. Va. 2001) (citing *AT&T Techs., Inc. v. CWA*, 475 U.S. 643, 649 (1986)).  "[W]e leave all questions concerning the scope of an arbitration agreement to the arbitrator, 'unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Winston-Salem Mailers Union 133, CWA v. Media Gen. Operations, Inc.*, 55 Fed. Appx. 128, 133 (4th Cir. 2003) (citing *AT&T Techs.*, 475 U.S. at 649-50).

## III.  ANALYSIS

First, the Court must determine if a valid agreement to arbitrate exists, and West Virginia law provides the proper state law principles governing contract formation.  West Virginia's Supreme Court of Appeals has established the following standard:

> It is presumed that an arbitration provision in a written contract was bargained for and that arbitration was intended to be the exclusive means of resolving disputes arising under the contract; however, where a party alleges that the arbitration provision was unconscionable or was thrust upon him because he was unwary and taken advantage of, or that the contract was one of adhesion, the question of whether an arbitration provision was bargained for and valid is a matter of law for the court to determine by reference to the entire contract, the nature of the contracting parties, and the nature of the undertakings covered by the contract.

*State ex rel. Clites v. Clawges*, 685 S.E.2d 693, 700 (W. Va. 2009) (citing *Bd. of Educ. Of the County of Berkeley v. W. Harley Miller, Inc.*, 236 S.E.2d 439, Syl. Pt. 3 (1977)).  This language creates a presumption of validity for arbitration agreements, and places the burden of challenging that presumption on the party seeking to avoid arbitration—in this case, Taylor.  Because Taylor has filed no response to Capital One's motion to compel arbitration, and has not otherwise challenged the validity of the arbitration provision, the Court must presume its validity.

Having found a valid agreement to arbitrate, the Court next considers whether this dispute falls within the substantive scope of the arbitration clause.  As indicated previously, the Arbitration

Agreement includes within its scope "any billing *or collections matters relating to your account*." (Docket 4-1 at 8 (emphasis added).)  That this lawsuit relates to collection matters has not been challenged, nor could it likely be credibly disputed.  Taylor acknowledges that Capital One is a debt collector, (Docket 1-1 ¶ 4); that Plaintiff is in arrears on his debt to Capital One, (Docket 1-1 ¶ 5); and that the telephone calls were made by Capital One to collect on the indebtedness, (Docket 1-1 ¶ 6).  Were there any remaining doubt, district courts are counseled to resolve any ambiguities in favor of arbitration.  Therefore, the Court finds that the present dispute is covered by the Arbitration Agreement contained in the Customer Agreement.

## *IV. CONCLUSION AND ORDER*

The Court finds that the present dispute is arbitrable, as it comes within the scope of an otherwise valid arbitration agreement.  Plaintiff has offered no reason to challenge this conclusion. For the reasons set forth herein, Defendant Capital One Bank (USA), N.A.'s Motion to Compel Arbitration and to Dismiss This Proceeding or, in the Alternative, to Stay this Proceeding Pending Arbitration [Docket 4] is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff Robert L. Taylor's claims against Capital One Bank (USA), N.A. are hereby **REFERRED** to arbitration in accordance with the terms of the Arbitration Agreement.  This action is **STAYED** pending resolution of arbitration and **REMOVED** from the active docket of this Court. The parties are **DIRECTED** to notify the Court forthwith upon the conclusion of the arbitration.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 10, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE